## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**LARRY GENE HANEY**
    Plaintiff

**v.**
                                         **No. 5:07CV-00188-J**

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

### MAGISTRATE JUDGE'S REPORT
### and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Rodger Lofton. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 16 and 19, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on March 5, 2007, by administrative law judge (ALJ) Kathleen Thomas. In support of his decision denying Title II and Title XVI benefits, Judge Thomas entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since September 20, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: history of a comminuted fracture of the left tibial plateau (knee), with traumatic avulsion of the posterior tibial (heel) tendon, status-post surgeries; and, recent onset of back pain, due to degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.   After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to lift up to 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk a combined total of two hours per day. He can sit without limitation, as long as he can alternate positions. The claimant can never climb ladders, ropes or scaffolds, but he can occasionally perform other postural activities. He should avoid vibration, humidity/wetness and hazards, but has no other significant environmental limitations. He has no communicative, manipulative or visual limitations. Although the claimant is capable of lifting weights in the medium exertional range, his standing and walking limitations essentially limit him to a reduced range of light work activity.

6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.   The claimant was born on October 14, 1954, and was *(sic.)* years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.   The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.963).

9.   Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11.   The claimant has not been under a disability, as defined in the Social Security Act, from September 20, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 14-21).

**Governing Legal Standards**

1.  The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision.  42 U.S.C. § 405(g), sentence four.  In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision.  *Richardson v. Perales*, 402 U.S. 389 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981).  It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict."  *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988).  In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight.  *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992).  However:

> The substantial-evidence standard allows considerable latitude to administration decision makers.  It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the

4

so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R.  §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990).  The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

The plaintiff's principal contention upon judicial review is that he is entitled to a closed period of disability.  A claimant is entitled to a closed period of disability if the disabling effect of his impairments "lasted or [were] expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.  In support of his argument, the plaintiff relies heavily upon information contained in a deposition of the plaintiff's treating physician Marc Tressler, D.O., which counsel obtained <u>after</u> the ALJ's decision.   A copy of the deposition is appended to Docket Entry No. 16.

**Scope of judicial review**

The Social Security Act authorizes judicial review of final decisions of the Commissioner to determine if they are supported by substantial evidence and are in accord with applicable legal standards. See 42 U.S.C. § 405(g), sentence four. However, the scope of judicial review is limited to a consideration of the evidence that was before the Commissioner when the final decision of the Commissioner was rendered. When the Appeals Council declines to review an ALJ's decision, the ALJ's decision becomes the Commissioner's final decision. See *Cotton v. Secretary*, 2 F.3d 692, 695 (6th Cir., 1993) and 20 C.F.R. §§ 404.981 and 416.1581 ("Effect of Appeals Council's decision or denial of review"). In this case, Judge Thomas' decision became the Commissioner's final decision on September 11, 2007, when the Appeals Council denied the plaintiff's request for review (AR, p. 2). The magistrate judge concludes that this court may not consider any evidence contained in the deposition of Dr. Tressler as part of its judicial review because it was not before the ALJ.

Pursuant to "sentence six" of 42 U.S.C. § 405(g), the court has jurisdiction to remand a claim to the Commissioner for consideration of any "new evidence which is material" if "there is good cause for the failure to incorporate such evidence into the record" as of the date of the Commissioner's final decision. Accordingly, evidence submitted by a claimant after the Commissioner's final decision (i.e., Dr. Tressler's deposition) may be considered by a reviewing court only for the limited purpose of determining whether it is warranted to grant a motion for a "sentence six" remand. *Cline v. Commissioner*, 96 F.3d 146 (6th Cir., 1996).

6

Although the plaintiff has failed to file a formal motion for a "sentence six" remand, in the interests of judicial economy, the magistrate judge shall consider the plaintiff's argument as an implicit motion for a "sentence six" remand. The party seeking a "sentence six" remand bears the burden of proving that it is proper. *Sizemore v. Secretary*, 865 F.2d 709, 711-712 (6th Cir., 1988). The movant must show that the evidence is material and that there was good cause for its late submission.

### Chronology

On September 20, 2005, the plaintiff's vehicle was struck by a street sweeper. He was taken by helicopter to Vanderbilt University Medical Center. Marc Tressler, D.O., diagnosed severe injuries to the left lower extremity, which necessitated multiple reparative surgeries.

On June 19, 2006, Dr. Tessler noted that the plaintiff's foot problem had resolved sufficiently that he was released to return to work (AR, p. 252).

By August 1, 2006, according to Dr. Tessler's deposition testimony, the plaintiff's knee problem came to the fore and again rendered him unable to work.

On August 31, 2006, the ALJ conducted the administrative hearing.

On September 27, 2006, Dr. Tessler completed the standard physical assessment form in a manner that permitted some work or work-like activities (AR, pp. 258-260).

On September 28, 2006, in an office note, Dr. Tessler indicated that the plaintiff was able to work so long as he adhered to the previously identified restrictions (AR, p. 262).

On November 6, 2006, Dr. Obremskey performed a knee arthroscopy and hardware removal (Deposition, p. 16).

On December 1, 2006, the plaintiff was cleared to return to work (Deposition, p. 18).

On March 5, 2007, Judge Thomas issued her decision, finding that, in light of Dr. Tessler's "release to return to work" date of June 19, 2006, "the claimant was capable of returning to at least some work activity as early as June 16 *(sic.)*, 2006, within 12 months of his injuries" and in fact was capable of some work "[w]ithin nine months of his injury on September 20, 2005" (AR, pp. 17-18).

On July 18, 2007, the plaintiff obtained Dr. Tressler's deposition testimony.

On September 11, 2007, the Appeals Council declined to disturb Judge Thomas' decision, finding that "[t]his information [from Dr. Tessler's deposition] does not substantiate that you were unable to engage in substantial gainful activity for 12 consecutive months" inasmuch as the record reflects a prior "return to work" date of June 19, 2006, which was <u>less</u> than 12 months after the plaintiff's injury on September 20, 2005 (AR, p. 3).

The plaintiff's argument is that he is entitled to a closed period of disability because, in light of Dr. Tressler's post-decision deposition testimony concerning his ultimate "release to return to work date," the substantial weight of the evidence reflects that he was disabled for 14 consecutive months from September 30, 2005, through December 1, 2006.

### Materiality

The party seeking remand must show that the evidence in question is material. Evidence is material if there is a "reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary*, 865 F.2d 709, 711-712 (6th Cir., 1988). The magistrate judge concludes that the above chronology indicates that the plaintiff was able to work from June 19, 2006, through August 1, 2006, and again from September 28, 2006, through November 6, 2006. Accordingly, Judge Thomas and the

Appeals Council had a supportable basis for finding that the plaintiff had failed to establish a disability that lasted for 12 continuous months.

### Good cause

In addition, the party seeking remand must show good cause for late submission of the evidence. The Sixth Circuit takes a "hard line" on the issue of good cause. *Oliver v. Secretary*, 804 F.2d 964, 966 (6th Cir., 1986). Typically, the evidence in question or equivalent evidence could have been obtained sooner through a timely request or inquiry. Accordingly, good cause means more than simply that the evidence in question did not exist at the time of the ALJ's decision. In addition, good cause contemplates more than strategic delay, or sandbagging, of evidence and more than simple miscalculation of the necessity of producing such evidence in the first instance to establish a claim of disability. *Thomas v. Secretary*, 928 F.2d 255, 260 (8th Cir., 1991). Good cause is demonstrated by a showing that something extrinsic to the claimant's prosecution of his claim and beyond his control prevented timely production of evidence.

Thus, in *Green v. Astrue*, 2008 WL 4449854, the District Court for the Eastern District of Michigan concluded that the plaintiff failed to show good cause for failure to "to take and provide the second deposition ... prior to the close of the proceedings before the ALJ." Similarly, in *Jordan v. Astrue*, 2008 WL 5395979, the District Court for the Eastern District of Kentucky concluded that the plaintiff "offers absolutely no explanation why the medical tests, the results of which she asserts justify remand, could not have been performed prior to the hearing when there was ample opportunity to do so."

9

The magistrate judge concludes that, even if Dr. Tressler's deposition testimony was material, the plaintiff has failed to allege or demonstrate any good cause for not taking and providing it prior to the ALJ's decision.  At the very least, the plaintiff could have provided the ALJ with some evidence, for example, an affidavit, as to his ultimate "release to return to work" date.  It appears that the plaintiff simply miscalculated the necessity of producing such evidence in the first instance to establish a claim of entitlement to a closed period of disability.  Therefore, due to a lack of demonstrated materiality and good cause for not obtaining the evidence for consideration by the ALJ, the plaintiff's implicit motion for a "sentence six" remand, if filed, would have been without merit.

### Judicial Review

As noted above, in light of Dr. Tessler's "release to return to work" date of June 19, 2006, Judge Thomas found that "the claimant was capable of returning to at least some work activity as early as June 16 *(sic.)*, 2006, within 12 months of his injuries" and in fact was capable of some work "[w]ithin nine months of his injury on September 20, 2005" (AR, pp. 17-18).  In light of the evidence which the plaintiff chose to submit in support of his claims, the magistrate judge concludes that Judge Thomas' finding was supported by substantial evidence.

### RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).